## AFFIDAVIT OF SPECIAL AGENT BRENDAN M. DONLAN
## IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Brendan M. Donlan, having been duly sworn, do hereby depose and state as follows:

## Agent Background

1. I have been a Special Agent of the Federal Bureau of Investigation ("FBI") since 2009. I am currently assigned to the FBI's Boston Field Office and to that office's Corporate and Securities Fraud group. My duties include the investigation of violations of federal law, including investment fraud, money laundering, mail fraud, wire fraud, and other financial crimes. I received training at the FBI Academy in Quantico, Virginia in a variety of investigative and legal matters.

## Purpose of Affidavit

2. I submit this affidavit in support of an application for a seizure warrant for the following asset:

   a. $49,985 held by State Room (60 State Street, Boston, MA 02109), paid by Priya Bhambi ("BHAMBI") and Samuel Montronde ("MONTRONDE") (the "Wedding Venue Deposit Balance").

3. This affidavit is based on my personal knowledge, information provided by other law enforcement officers and government employees, information provided by bank personnel, and my review of records described below. This affidavit is not intended to set forth all of the information that I have learned during this investigation but includes only the information necessary to establish probable cause for the requested seizure warrant.

## Authority for Seizure

4. As set forth below, there is probable cause to believe that the Wedding Venue Deposit Balance is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), because it is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity, specifically, 18 U.S.C. § 1343 (wire fraud).

Pursuant to 18 U.S.C. § 1961(1), as incorporated by 18 U.S.C. § 1956(7)(A), violations of 18 U.S.C. § 1343 are a specified unlawful activity.

5. This Court has authority to issue civil seizure warrants pursuant to 18 U.S.C. § 981(b)(2), which states that "[s]eizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." This Court also has authority to issue the requested criminal seizure warrant pursuant to 21 U.S.C. § 853(f), as incorporated by 28 U.S.C. § 2461(c), which authorizes "the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant."

6. A restraining order, pursuant to 21 U.S.C. § 853(e), will not be sufficient to preserve the Wedding Venue Deposit Balance given the ease with which funds may move out of bank accounts via wire transfer, electronic funds transfer, or otherwise, and despite best intentions, financial institutions cannot guarantee that money restrained, but not seized, will be available for forfeiture at a later time.

**Probable Cause**

7. On March 23, 2023, a grand jury returned an indictment charging BHAMBI and MONTRONDE with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and three counts of wire fraud, in violation of 18 U.S.C. § 1343, for orchestrating and executing a scheme to defraud Takeda Pharmaceutical Company Limited ("Takeda"), BHAMBI's employer at the time, of at least $2.3 million by submitting fake invoices on behalf of a sham consulting company BHAMBI and MONTRONDE created called Evoluzione Consulting LLC ("Evoluzione"). *See* 23-cr-10079-FDS.

8. Prior to indictment, BHAMBI and MONTRONDE were charged by criminal complaint. *See* 23-mj-04050. As set forth in both the indictment and the affidavit in support of the criminal complaint, from in or about January 2022 through in or about October 2022, BHAMBI and MONTRONDE caused Takeda to issue five payments of $460,000 each to Evoluzione on the basis of fake invoices for purported consulting services that Evoluzione never provided, and false statements made by BHAMBI and MONTRONDE to secure payment of the fraudulent invoices. All of those funds were deposited into two accounts opened by MONTRONDE in the name of Evoluzione, one at SCU Credit Union and one at Santander Bank (the "8736 Santander Account").

9. On January 10, 2023, a seizure warrant was issued for any and all funds remaining in the 8736 Santander Account (*see* 23-mj-04053-DHH), based on information set forth in the affidavit in support of the criminal complaint (attached hereto as Exhibit A and incorporated herein by reference) establishing probable cause to believe that such funds constitute proceeds traceable to wire fraud.

10. On January 20, 2023, a seizure warrant was issued for any and all funds held in or on behalf of First Republic Bank account 80013203148, in the names of BHAMBI and MONTRONDE (the "First Republic Account") (*see* 23-mj-4110-DHH), based on information set forth in a separate affidavit (attached hereto as Exhibit B and incorporated herein by reference) establishing probable cause to believe that such funds constitute proceeds traceable to wire fraud.

11. As set forth in Exhibit B, a significant portion of the proceeds were transferred from the 8736 Santander Account to the First Republic Account. Specifically, on or about July 6, 2022, $400,000 was transferred from the 8736 Santander Account to a Santander account in the name of MONTRONDE. Approximately two days later, $400,000 was wired from that account to the First Republic Account. Other than two deposits totaling $1,101 and interest payments totaling $0.92,

no other deposits were made into the First Republic Account from its inception through December 31, 2022.

12. Based on my review of bank records and information provided by State Room, on or about August 29, 2022, BHAMBI and MONTRONDE caused $56,000 to be transferred from the First Republic Account to State Room to reserve the venue for a wedding event planned for April 2023, which has since been cancelled. Because the funds in the First Republic Account are traceable to wire fraud proceeds as outlined above, there is also probable cause to believe that the funds transferred to the State Room constitute proceeds traceable to wire fraud.

13. I have reviewed documents from State Room setting forth expenses incurred in connection with the event planned for April 2023. These expenses include: (a) $2,000 paid for sales commission, (b) $3,000 in costs paid in connection with a tasting event, and (c) 29 hours for wedding planning detailing, at $35 per hour, for a total of $1,015. After deducting these expenses, $49,985 remains of the wedding venue deposit, *i.e.*, the Wedding Venue Deposit Balance.

## Conclusion

14.     Based on the information set forth above, there is probable cause to believe that $49,985 held by State Room, paid by BHAMBI and MONTRONDE, constitutes proceeds traceable to wire fraud and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Sworn to under the pains and penalties of perjury.

*Brendan M. Donlan*
Brendan M. Donlan
Special Agent
Federal Bureau of Investigation

Subscribed to via telephone in accordance with Federal Rule of Criminal Procedure 4.1
on March  30 , 2023

11:35 a.m.

*David H. Hennessy*
David H. Hennessy
United States Magistrate Judge

5